**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEGALIST, INC.,<br><br>Petitioner,<br><br>- against -<br><br>MARIO RINALDI,<br><br>Respondent. | Civil Action No. 1:26-cv-7702 |

# MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD

Petitioner Legalist, Inc. ("Legalist" or "Petitioner") submits this Memorandum of Law in support of its Petition to Confirm Partial Final Arbitration Award pursuant to the Federal Arbitration Act ("FAA") and to have judgment entered against Respondent Mario Rinaldi ("Rinaldi" or "Respondent").

Pursuant to a Litigation Funding Agreement ("LFA"), Legalist invested in Rinaldi's federal lawsuit against two French champagne producers. Rinaldi won, and this Court entered judgment in his favor for $2,318,506.85. He then refused to cooperate with Legalist in collecting it, refused to let Legalist speak with his French counsel, and stopped keeping Legalist informed—each a breach of the LFA that paid for the case.

Legalist arbitrated, as the LFA requires. Rinaldi was served through the JAMS Electronic Filing System throughout, and never appeared. On May 18, 2026, the Arbitrator, the Hon. Elaine Rushing (Ret.), found the LFA valid, found that Rinaldi breached it, and awarded Legalist

$108,718.45 in fees and costs. Ex. 1.[1] Rinaldi has not sought to vacate, modify or correct the Award, and no ground for doing so exists. The FAA requires confirmation.

**FACTS**

On June 1, 2018, Rinaldi and Legalist entered into the LFA. *See* Ex. 2, the LFA. Legalist agreed to fund Rinaldi's New York lawsuit captioned *Rinaldi v. SCA La Goutte, D'Or*, No. 16-cv-1901 (VSB) (SDA) (S.D.N.Y.) (the "New York Lawsuit"). *Id.* at § 2. In exchange for the investment, pursuant to the LFA, Rinaldi agreed that if he was awarded any recovery in the New York Lawsuit, he would pay Legalist a portion of the proceeds that he recovered. *Id*. at § 3. Rinaldi further agreed that he would cooperate in the prosecution of his claims, that he would use "good faith best efforts" to recover proceeds due to him, and that he would keep Legalist informed of relevant matters. *Id*. at §§ 6.2, 6.3, 6.6.

On March 4, 2022, the jury in the New York Lawsuit returned a verdict in favor of Rinaldi and against Defendant SCA La Goutte d'Or, awarding Rinaldi $1.5 million in compensatory damages. Morrow Dec. ¶ 10. On December 2, 2022, the court entered final judgment in favor of Rinaldi, including prejudgment interest, for $2,318,506.85. *Id.* ¶ 11. Defendant SCA La Goutte d'Or did not appeal the judgment. *Id.*

Rinaldi engaged French counsel to attempt to enforce the New York Lawsuit judgment in France. *Id.* ¶ 12. In breach of the LFA, Rinaldi refused to cooperate with Legalist in collecting the judgment and refused to let Legalist or his U.S. counsel communicate with his French counsel. *Id.* ¶ 12.

[1] All Exhibits referenced herein are to the Declaration of Michelle E. Morrow, dated September 2, 2026 ("Morrow Dec."), filed concurrently herewith.

On December 3, 2024, pursuant to the arbitration provision in the LFA, Legalist brought a JAMS arbitration proceeding against Rinaldi for his breaches of the LFA. Ex. 3, Demand for Arbitration.

Under Section 9.5 of the LFA, the Arbitration was seated in San Francisco, California. Ex. 2 at § 9.5. JAMS served Rinaldi with the Demand and with every subsequent filing via the JAMS Electronic Filing System according to the JAMS Comprehensive Arbitration Rules & Procedures, as provided in Section 9.5 of the LFA. Morrow Dec. ¶ 14. JAMS sent notice by email, and Legalist sent courtesy copies by email, on multiple occasions. *Id.*; Ex. 5. JAMS appointed the Hon. Elaine Rushing (Ret.) as the Arbitrator on February 11, 2025. Ex. 4. For the parties' convenience, all hearings and conferences were conducted by videoconference. Morrow Dec. ¶ 14. Notably, Rinaldi continues to use the email address at which he was served, and emailed Legalist from that address on July 11, 2026 and August 14, 2026. Morrow Dec. ¶ 16.

The Arbitrator held a hearing on November 3, 2025. *Id.* ¶ 15. Rinaldi did not appear at the hearing or at any point in the Arbitration. *Id.* On May 18, 2026, the Arbitrator issued a "Partial Final Arbitration Award" in Legalist's favor, finding the LFA was a valid and enforceable contract, finding that Rinaldi had breached the LFA, and awarding Legalist its attorneys' fees and arbitration costs. Ex. 1. Specifically, the Arbitrator found that the LFA required Rinaldi to use good-faith best efforts to prosecute and collect on his claims, to cooperate with Legalist on collection in both the United States and France, and to keep Legalist reasonably informed. Ex. 1 at 2-3. She found that Rinaldi breached these duties. *Id.*

The Arbitrator further found that, pursuant to the LFA, Legalist "is entitled to recover from [Rinaldi] its attorneys' fees in connection with this Arbitration: $105,218.45. [Legalist] has made the requisite showing to support its attorneys' fees requirement. The fees claimed were reasonable

for the work performed." Ex. 1 at 3. The Arbitrator further found that the LFA required Rinaldi to bear his own costs of the Arbitration, and that because Legalist advanced those costs on his behalf, Legalist "is entitled to recover those costs from [Rinaldi]." Ex. 1 at 4. Of the $9,500 retainer Legalist advanced on Rinaldi's behalf, at least $3,500 had been spent, and that amount will not be refunded. *Id.*

In its Petition, Legalist seeks to confirm the Partial Final Arbitration Award, which totals $108,718.45.

## ARGUMENT

### I. The Court has Jurisdiction

This Court has original jurisdiction under 28 U.S.C. § 1332(a)(2) because Legalist is a Delaware corporation with its principal place of business in San Francisco, California. Rinaldi is a French citizen who is domiciled in either France or New York. The amount in controversy exceeds $75,000, exclusive of interest and costs.

This Court also has original jurisdiction over this matter under the FAA and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. § 201 *et seq.* An award falls under the Convention unless it arises from a relationship "entirely between citizens of the United States." 9 U.S.C. § 202. District courts have original jurisdiction over any proceeding falling under the Convention, without regard to the amount in controversy. *Id.* § 203; *see also CBF Industria De Gusa S/A v. AMCI Holdings, Inc.,* 850 F.3d 58, 73 (2d Cir. 2017). Here, Rinaldi is, upon information and belief, a citizen of France. Accordingly, the Partial Final Award is subject to the New York Convention and U.S. federal district courts have original jurisdiction over this matter.

This Court has personal jurisdiction over Rinaldi on two independent grounds. First, the FAA supplies it: upon service of notice of this application, "the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." 9 U.S.C. § 9. Second, Rinaldi transacted business in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1). A party "transacts business if he has 'purposely availed [himself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws.'" *Reich v. Lopez*, 38 F. Supp. 3d 436, 457 (S.D.N.Y. 2014), aff'd, 858 F.3d 55 (2d Cir. 2017) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006).

Here, Rinaldi transacted business in New York by, among other grounds for jurisdiction, executing the LFA while residing in New York, which invested in the New York Lawsuit in New York County and which required payments to Legalist from any recovery resulting from a New York judgment in that action. See Ex. 2. Rinaldi executed the LFA from his New York City address at 131 West 80th Street, Apt. 4A. Pet. ¶ 9; Ex. 2 at p. 13. He worked for the French champagne companies while residing in New York City, whereby his own pleading he worked to "grow the [companies'] brand in New York City," placed their product "on the wine lists of a number of exclusive New York City restaurants," and "established relationships with several leading hotels in New York." Pet. ¶ 10; *Rinaldi v. SCA La Goutte, D'Or*, No. 16-cv-1901 (VSB) (SDA) (S.D.N.Y.), ECF No. 1 ¶ 23. He then retained New York counsel to bring the New York Lawsuit in this District and then submitted affidavits and appeared at trial in New York. *Id*. at ECF No. 1 p. 19; ECF No. 5; ECF. No. 272 at p. 13 (citing Rinaldi trial testimony); *see Reich*, 38 F. Supp. 3d at 458 (citations omitted) ("the retention of New York lawyers tasked with the advance of Defendants' interests qualifies as transacting business pursuant to § 302(a)(1)"). The Petition to Confirm Partial Final Arbitration Award is substantially related to Rinaldi's business transactions

in New York, from which this matter arises. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 66 (2d Cir. 2012)* (holding "a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York.").

Venue in the Southern District of New York is proper pursuant to 9 U.S.C. §§ 9, 204 because the parties designated by contract that "judgment upon any award rendered in such arbitration will be binding and may be entered in any court having jurisdiction thereof." Ex. 2 at § 9.5. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391 because Rinaldi does business in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

Legalist will serve notice of this application on Rinaldi as Section 9 of the FAA requires and at the email address he has continued to use, most recently on August 14, 2026. Morrow Dec. ¶ 16.

## II. The Court Should Confirm the Partial Final Award and Issue Judgment

### A. The Partial Final Award Is Final in All Relevant Aspects and Is Therefore Confirmable

An award that finally and definitely disposes of a separate, independent claim may be confirmed even it does not dispose of all the claims submitted to arbitration. *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986); *see also Kondot S.A. v. Duron* LLC, 586 F. Supp. 3d 246, 249 (S.D.N.Y. 2022) (granting confirmation of a *third* partial final award); *Telecom Business Sol., LLC v. Terra Towers Corp.*, No. 22-cv-1761 (LAK), 2025 WL 1677756, at *1 (S.D.N.Y. June 13, 2025) (addressing a *fifth* partial final arbitration award). So may an award that requires specific action and does not "serve as a preparation or a basis for further decisions by the arbitrators." *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).

Here, the Award clearly disposes of a separate, independent claim and awards damages on that claim. Indeed, the Arbitrator declared that Rinaldi had breached his contractual duties under the LFA (Ex. 1 at ¶ 1(d) and (g)), found that Legalist is entitled to recover its attorneys' fees and costs in the amount $108,718.45 (*Id*. at ¶ 2-3), and directed payment of that sum certain (*Id*. at p. 4). Moreover, the Arbitrator left no doubt as to the finality of this relief:

> For the avoidance of doubt, this attorneys' fees and Arbitration costs award of $108,718.45 is a final order that must be paid promptly.

(*Id*.).[2]

Accordingly, confirming the Award is proper. *See Metallgesellschaft A.G.*, 790 F.2d at 283 ("Because the award in the instant case finally and conclusively disposed of a separate and independent claim and was subject to neither abatement nor set-off, the district court did not err in confirming it"); *Compania Chilena De Navegacion Interoceanica, S.A. v. Norton, Lilly & Co.*, 652 F. Supp. 1512, 1515 (S.D.N.Y. 1987) (confirming award and holding "[t]he arbitration panel explicitly indicated the separate nature of the $48,010 award by describing it as a Partial Final Award").

The FAA provides that "the court must grant such an [arbitration] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. The arbitration provision in the LFA provides that judgment upon any arbitration award will be binding and "may be entered in any court having jurisdiction thereof." Ex. 2 at § 9.5. As discussed above, this Court has jurisdiction to enforce the judgment.

An award may be vacated only for corruption, fraud or undue means; evident partiality or corruption in the arbitrators; refusal to postpone the hearing or to hear pertinent and material evidence; or the arbitrators' exceeding their powers. 9 U.S.C. § 10(a)(1)-(4). *Telecom Bus. Sol.,*

---

[2] The Arbitration was held open to allow Legalist to pursue further relief. (Ex. 1 at p. 4).

*LLC v. Terra Towers Corp.*, No. 22-cv-1761 (LAK), 2025 WL 2256683, at *5 (S.D.N.Y. Aug. 7, 2025) (confirming fifth partial final award over challenges including lack of finality). None of these grounds is present. JAMS appointed the Arbitrator under the procedure the parties chose in Section 9.5 of the LFA. Ex. 2 at § 9.5. Rinaldi received notice of every proceeding (see Ex. 5; Morrow Dec. ¶ 14) and elected not to participate. The Arbitrator held a hearing, received evidence, and issued a reasoned award confined to the claims Legalist submitted and the remedies the LFA authorizes. Ex. 1. The Award was not rendered in manifest disregard of the law.

Moreover, review of an arbitration award is "very limited" and "extremely deferential" to the arbitrator's findings, and "[t]he showing required to avoid summary confirmance is high." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809-10 (2d Cir. 2022), cert. denied sub nom. *CVG Ferrominera Orinoco, C.A. v. Commodities & Mins. Enter. Ltd.*, 143 S. Ct. 786 (2023); *see also ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009); *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121-22 (2d Cir. 2011) (explaining that in reviewing arbitration awards under Section 10(a)(4) of the FAA, a court "will uphold an award so long as the arbitrator offers a 'barely colorable justification' for the outcome reached") (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009)). The Arbitrator also acted well within her authority in awarding fees. Ex. 2 § 9.5; *see also ReliaStar*, 564 F.3d at 86-89 (a broad arbitration clause confers inherent authority to award attorney's fees; reversing vacatur and directing confirmation in full). This Court should confirm the Partial Final Award and enter judgment for Legalist.

## **CONCLUSION**

Legalist asks the Court to confirm the Partial Final Award and to enter judgment against Rinaldi for $108,718.45, together with post-award interest from May 18, 2026 through the date of

judgment, post-judgment interest at the rate prescribed by 28 U.S.C. § 1961, and Legalist's reasonable attorneys' fees and costs incurred in this proceeding as Section 9.5 of the LFA provides.

Dated: New York, New York
September 8, 2026

LEADER BERKON COLAO &
SILVERSTEIN LLP

By: /s/ *Michael J. Tiffany*
Glen Silverstein
Michael J. Tiffany
William Schwartz
630 Third Avenue, 17th Floor
New York, NY 10017
(212) 486-2400

*Attorneys for Legalist, Inc.*